IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDICAL IMAGING & TECHNOLOGY ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE LIBRARY OF CONGRESS, *et al.*,<br><br>Defendants. | CASE NO.: 1:22-cv-00499-BAH |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR BRIEFING SCHEDULE AND MOTION TO STAY BRIEFING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

For the reasons set forth in the attached Memorandum of Points and Authorities, Defendants hereby oppose Plaintiffs' Motion for Briefing Schedule and move to stay Defendants' deadline to respond to Plaintiffs' early summary judgment motion pending resolution of Defendants' anticipated motion to dismiss or, in the alternative, for an extension of both the deadline to respond to Plaintiffs' complaint and the deadline to respond to Plaintiffs' motion for summary judgment until May 24, 2022, or 21 days after Defendants' existing deadline to respond to the complaint.[1][2] In addition to their Memorandum of Points and Authorities, Defendants have filed a proposed order with this motion.

---

[1] If the Court is inclined to grant Defendants' alternative request for relief, Defendants propose that Plaintiffs' opposition and reply be due on June 15, 2022 and that Defendants' reply be due on June 30, 2022.

[2] Undersigned counsel conferred with counsel for Plaintiffs' via email on April 4, 2022. Plaintiffs' counsel reported Plaintiffs' position as follows: "Plaintiffs oppose the motion for a stay of summary-judgment briefing and will file a response. With respect to the defendants' alternative request for a briefing schedule on cross motions, although plaintiffs believe their proposed schedule affords the government adequate time, they do not oppose the defendants' alternative schedule."

Dated: April 5, 2022                              Respectfully submitted,

BRIAN M. BOYTON
Principal Deputy Assistant Attorney General

ERIC WOMACK
Assistant Branch Director

 /s/ *Rachael L. Westmoreland*
RACHAEL WESTMORELAND
Trial Attorney (GA Bar No. 539498)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20001
Tel: (202) 514-1280
E-mail: rachael.westmoreland@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDICAL IMAGING & TECHNOLOGY ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE LIBRARY OF CONGRESS, *et al.*, <br><br> Defendants. | CASE NO.: 1:22-cv-00499-BAH |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR BRIEFING SCHEDULE AND IN SUPPORT OF DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendants—the Library of Congress ("the Library") and Librarian of Congress Carla Hayden, in her official capacity—hereby oppose Plaintiffs' Motion for Briefing Schedule, ECF No. 11, and move for a stay of the deadline to respond to Plaintiffs' premature summary judgment motion pending resolution of Defendants' forthcoming motion to dismiss or, in the alternative, an extension of both the deadline to respond to Plaintiffs' complaint and the deadline to respond to Plaintiffs' motion for summary judgment until May 24, 2022, or 21 days after Defendants' existing deadline to respond to the complaint.[3] This case is barely a month old, yet Plaintiffs urge this Court to proceed directly to summary judgment, absent the filing of an administrative record and without deciding fundamental threshold questions that could dispose of this case in its entirety.

---

[3] If the Court is inclined to grant Defendants' alternative request for relief, Defendants propose that Plaintiffs' opposition and reply be due on June 15, 2022 and that Defendants' reply be due on June 30, 2022.

1

However, even if this Court's decision on Defendants' forthcoming motion to dismiss does not resolve this case in its entirety, it will, at a minimum, decide the claims and the standard of review that would be resolved at summary judgment. Indeed, Plaintiffs expressly acknowledge that their claims are pled in the alternative, either as Administrative Procedure Act ("APA") claims or claims that arise "under *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949)." Compl. ¶ 27, ECF No. 1; see also Pls.' Mot. for Summ. J. at 11 ("Even if the Court were to disagree, review would be available instead under *Larson v. Domestic & Foreign Commerce Corporation*, 337 U.S. 682 (1949) . . . ."). They presumably do so because numerous courts have held that APA review is *not* available against the Library of Congress or against the Librarian for acts undertaken in her official capacity. *Clark v. Library of Congress*, 720 F.2d 89, 102 (D.C. Cir. 1984) ("[T]he Library of Congress is not an 'agency' as defined under the Administrative Procedure Act.") (citing 5 U.S.C. § 701(b)(1)(A)); *Ethnic Employees of Library of Congress v. Boorstin*, 751 F.2d 1405, 1416 n.15 (D.C. Cir. 1985). Rather than addressing the merits of claims that may never need to be litigated in the first place, this Court should have the opportunity to decide what, if any, claims survive a motion to dismiss and what the appropriate standard of review should be for those claims.

In the alternative, should this Court deny the motion to stay, Defendants respectfully request that they be afforded an additional twenty-one days, or until May 24, to file their combined motion to dismiss or, in the alternative, for summary judgment[4] and opposition to Plaintiffs' motion for summary judgment. That additional time would allow Defendants to address arguments that would be unique to the summary judgment context and to prepare the administrative record

---

[4] Should the Court deny Defendants' request to stay summary judgment briefing, Defendants intend to cross-move for summary judgment when they move to dismiss. This would ensure that the Court is able to completely resolve the case on motions for summary judgment.

prior to filing. Defendants' summary judgment response is currently due April 12, 2022, although Plaintiffs' Motion for a Briefing Schedule indicates that Plaintiffs are amenable to an extension of that deadline until May 3, 2022.

## BACKGROUND

This case concerns a rule promulgated by the Library of Congress in October 2021 pursuant to the triennial rulemaking requirement of the Digital Millennium Copyright Act ("DMCA"). 17 U.S.C. § 1201(a)(1)(C). The DMCA, in part, targets digital piracy of copyrighted works by prohibiting "circumvention" of "a technical measure that effectively controls access" to a copyrighted work, such as encryptions, password keys, and other digital security measures. *Id.* at § 1201(a)(1)(A). The DMCA contains a number of permanent exceptions to this requirement, and also directs the Librarian of Congress to make a determination every three years, through a rulemaking proceeding, regarding particular classes of copyrighted works that should be exempted for the next three-year period from the anti-circumvention prohibition in § 1201(a)(1)(A) because the restriction adversely affects users' ability to make noninfringing uses of copyrighted works. *See id.* § 1201(a)(1)(C). This triennial rulemaking is intended to serve as a "'fail-safe' mechanism" to account for possible changes in the online marketplace after the DMCA's enactment. *See* H.R. Rep. No. 105-551(II), at 35-37 (1998).

On October 28, 2021, pursuant to this requirement, the Librarian completed the eighth triennial rulemaking proceeding by publishing the "Exemption to Prohibition on Circumvention of Copyright Protection Systems for Access Control Technologies." 86 Fed. Reg. 59,627 (Oct. 28, 2021), codified at 37 C.F.R. § 201.40. As relevant here, the Librarian exempted from the prohibition against circumvention "computer programs that are contained in and control the functioning of a lawfully acquired medical device or system, and related data files, when

circumvention is a necessary step to allow the diagnosis, maintenance, or repair of such a device or system." 37 C.F.R. § 201.40(b)(15) ("the repair exemption"). The Librarian defined "maintenance" as the "servicing of the device or system in order to make it work in accordance with its original specifications and any changes to those specifications authorized for that device or system." *Id.* at § 204.40(b)(15)(i). She defined "repair" as "the restoring of the device or system to the state of working in accordance with its original specifications and any changes to those specifications authorized for that device or system." *Id.* at § 204.40(b)(15)(ii).

Plaintiffs, organizations representing manufacturers of certain medical devices and systems allegedly affected by the repair exemption, filed their Complaint on February 25, 2022, challenging the exemption on a number of grounds. ECF No. 1. First, they claim that Defendants issued the repair exemption in violation of the Administrative Procedure Act ("APA") because the decision is "arbitrary and capricious in that it was not grounded in the evidence before the agency; and not in accordance with law and in excess of its statutory authority in that the [decision] is not authorized by copyright law or the DMCA." *Id.* ¶ 85. Plaintiffs also claim that the repair exemption violates the procedural requirements of the APA because the Librarian failed to respond to significant comments. *Id.* ¶¶ 86–91. Plaintiffs' remaining two claims are pled as alternative claims in the event that this Court determines that the APA does not apply. Those claims allege that the Librarian's actions were *ultra vires* under the *Larson* doctrine, and a violation of the constitutional separation of powers. *Id.* ¶¶ 92–101.

Just over four weeks after filing their Complaint, and five weeks before Defendants are required to respond to the Complaint under the Federal Rules of Civil Procedure, Plaintiffs moved for summary judgment, ECF No. 10, and to set a briefing schedule on their motion, ECF No. 11. Sidestepping any jurisdictional or threshold issue that Defendants may seek to raise, including the

issue of sovereign immunity, Plaintiffs ask the Court for dispositive relief on all of their claims, including the claims that are pled only in anticipation of arguments that may be made by the government. As justification for seeking an end run around the normal course of litigation, Plaintiffs offer only their incorrect assertions that Defendants' anticipated motion to dismiss would be substantively identical to Defendants' opposition to their motion for summary judgment and that a rulemaking scheduled for 2024 (two years away) necessitates expedition of this litigation, despite the absence of any motion suggesting the need for such preliminary relief.

## **ARGUMENT**

This Court should stay the deadline to respond to Plaintiffs' premature summary judgment motion until Defendants have had an opportunity to respond to the Complaint, including the resolution of threshold arguments that Defendants intend raise pursuant to Rule 12, such as the sovereign immunity of the named Defendants. Nothing in Rule 56 requires the parties and the Court to press forward with a summary judgment motion prior to Defendants' opportunity to respond to the Complaint. To the contrary, while it is true that the Federal Rules of Civil Procedure permit the filing of early summary judgment motions, the Advisory Committee notes for Rule 56 encourage courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." Fed. R. Civ. P. 56 advisory committee's note (2010 amendments).

Indeed, Rule 12(b) "promotes the early and simultaneous presentation and determination of preliminary defenses." 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1349

(3d ed. 2004). Adjudicating motions under Rule 12(b) thus helps to streamline the case by ensuring that "all available Rule 12 defenses are advanced before the consideration of the merits," *George Wash. Univ. v. DIAD, Inc.*, No. CIV. A. 96-301-LFO, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996), and to "produce an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts." Wright & Miller, § 1349; *see also Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011), at *1 ("[S]uspending briefing of the summary judgment motion [pending resolution of defendants' 12(b)(1) motion to dismiss] will allow the Court to manage the orderly disposition of this case."). Plaintiffs should not be permitted to preempt Defendants' rights under Rule 12 regarding the sequence and timing of their presenting of threshold defenses by filing a premature summary judgment motion.

For these reasons, district courts routinely defer consideration of motions for summary judgment while dispositive motions to dismiss remain pending. *See, e.g.*, *Furniture Brands Int'l, Inc.*, 2011 WL 10959877, at *1 ("[S]taying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing.]"); *Baginski v. Lynch*, 229 F. Supp. 3d 48, 57 (D.D.C. 2017) (noting that it had "deferred" consideration of plaintiff's motion for summary judgment "until it was able to assess the government's motion to dismiss"); *Montgomery v. IRS*, No. 17-cv-918 (D.D.C. Nov. 6, 2017), Min. Order (staying summary judgment briefing until after resolution of threshold issues); *Cierco v. Lew*, 190 F. Supp. 3d 16, 21 (D.D.C. 2016), aff'd on other

6

grounds sub nom. *Cierco v. Mnuchin,* 857 F.3d 407(D.C. Cir. 2017) (same); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986), aff'd, 814 F.2d 731 (D.C. Cir. 1987) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

Rushing to judgment is particularly problematic where, as here, the binding precedent of this Circuit holds that the Library of Congress is excluded from the APA's limited waiver of sovereign immunity. *Clark v. Library of Congress*, 720 F.2d 89, 102 (D.C. Cir. 1984) ("[T]he Library of Congress is not an 'agency' as defined under the Administrative Procedure Act.") (citing 5 U.S.C. § 701(b)(1)(A)); *Ethnic Employees of Library of Congress v. Boorstin*, 751 F.2d 1405, 1416 n.15 (D.C. Cir. 1985); *see also*, *Green v. U.S. Department of Justice*, 392 F. Supp. 3d 68, 99–100 (D.D.C. 2019). Although Plaintiffs appear intent on arguing that this precedent has been narrowed by the D.C. Circuit's decision in *Intercollegiate Broadcasting System, Inc. v. Copyright Royalty Bd.*, 684 F.3d 1332 (D.C. Cir. 2012), but see *Green v. U.S. Department of Justice*, 392 F. Supp. 3d 68 (D.D.C. 2019), the Court should resolve these important threshold questions before requiring Defendants to defend the merits of Plaintiffs' APA claims.

The importance of resolving these threshold questions is demonstrated by Plaintiffs' own summary judgment brief, which makes clear that their various claims are pled in the alternative, requiring decision only if the Court makes certain decisions about the threshold questions that should be decided in the Motion to Dismiss. And the distinction between the claims is not simply academic. To the contrary, Plaintiffs' assertion that their *ultra vires* claim "overlaps" with their

7

APA claim, and that Defendants' defenses of that claim will therefore be identical to those of the APA claim rests on a fundamental misunderstanding of *ultra vires* review. "There certainly is no question that nonstatutory review is intended to be of extremely limited scope, and hence represents a more difficult course" than "review under the APA." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178 (D.C. Cir. 2006). *Ultra vires* claims are only permitted in extraordinary cases, and only where "(i) the statutory preclusion of review is implied rather than express;" "(ii) there is no alternative procedure for review of the statutory claim;" and "(iii) the agency plainly acts in excess of its delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." *Nyunt v. Chairman, Broadcasting Bd. of Governors*, 589 F.3d 445, 449 (D.C. Cir. 2009); *see also id.* (An *ultra vires* "claim is essentially a Hail Mary pass—and in court as in football, the attempt rarely succeeds."). Thus, Defendants' anticipated defense of the Librarian's exercise of authority under this heightened standard implicates different questions and different standards than Plaintiffs' APA claims.[5]

Moreover, if Plaintiffs' claims survive Defendants' anticipated threshold defenses, these claims are properly decided on the basis of the administrative record. Although Plaintiffs assert that the administrative record would not be required to resolve their claims, a quick skim of their motion for summary judgment proves the contrary, as it is replete with references to a yet undefined "record" for the purposes of this litigation. ECF No. 10-1 at 19-20 (arguing that the Librarian's decision is "flatly contradicted by the only relevant evidence in the record."). Thus, if the Court is inclined to deny Defendants' motion to stay, Defendants ask that it grant their alternative request for an additional 21 days to file their cross-motion and opposition from the

---

[5] Plaintiffs' APA claims also include a procedural claim for the Librarian's alleged failure to consider significant comments, a claim unique to the APA. If the Court agrees that the Library is exempt from the APA, the procedural APA claim could not move forward under any theory.

responsive pleading deadline of May 3, in order to allow production of the administrative record and briefing of the substantive APA claims in this case.

Finally, Plaintiffs' purported concern with expeditiously resolving the litigation rings hollow, with more than two years until the next rulemaking is scheduled to be completed in 2024, and the potential for Defendants' forthcoming motion to dismiss to completely resolve the litigation. Moreover, if timing were such a grave concern, Plaintiffs could have filed their complaint several months earlier, as the repair exemption was published in October 2021, and Plaintiffs have been on notice of the potential exemption for repair of medical devices since at least October 2020, when the notice of proposed rulemaking ("NPRM") issued. *See* NPRM, Exceptions to Permit Circumvention of Access Controls on Copyrighted Works, 85 Fed. Reg., 65,293, 65,302 (Oct. 15, 2020). Plaintiffs also presuppose how the Government would respond in the event this litigation is ongoing more than a year from now, a decision which the Government could not possibly hope to have made at this early stage of litigation.

This Court unquestionably has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). In this case, the interests of fairness and efficiency counsel in favor of allowing Defendants the opportunity to respond to Plaintiffs' Complaint under Rule 12, rather than being forced to respond to a premature motion for summary judgment, where Plaintiffs have provided no justification for departing from this ordinary course of litigation. Indeed, although this litigation is still in its early stages, and Defendants are therefore still in the process of identifying which threshold arguments they will present in their forthcoming motion, it is clear from the Complaint and Plaintiffs' summary judgment motion that this case raises pivotal issues

that should be decided at the outset rather than rushing to summary judgment on the merits of claims that should be dismissed. To proceed otherwise disadvantages Defendants by requiring them to unnecessarily brief the merits of certain claims, despite the fact that Congress has indicated that such claims should not be available in the first place.

## CONCLUSION

For the reasons stated above, the Court should: (1) stay Defendants' deadline to respond to Plaintiffs' premature summary judgment motion pending resolution of Defendants' anticipated motion to dismiss or, (2) in the alternative, grant extensions of both the deadline to respond to Plaintiffs' complaint and the deadline to respond to Plaintiffs' motion for summary judgment until May 24, 2022, or 21 days after Defendants' existing deadline to respond to the complaint.

Dated: April 5, 2022                     Respectfully submitted,

                                         BRIAN M. BOYTON
                                         Principal Deputy Assistant Attorney General

                                         ERIC WOMACK
                                         Assistant Branch Director

                                          /s/ Rachael L. Westmoreland
                                         RACHAEL WESTMORELAND
                                         Trial Attorney (GA Bar No. 539498)
                                         U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street, NW
                                         Washington, D.C. 20001
                                         Tel: (202) 514-1280
                                         E-mail: rachael.westmoreland@usdoj.gov