IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDICAL IMAGING & TECHNOLOGY ALLIANCE, et al.,<br><br>　　　　　　*Plaintiffs*,<br><br>v.<br><br>LIBRARY OF CONGRESS, et al.,<br><br>　　　　　　*Defendants*. | No. 1:22-cv-499 (BAH) |

## JOINT STATUS REPORT

Plaintiffs the Medical Imaging & Technology Alliance and Advanced Medical Technology Association, together with defendants the Library of Congress and Carla Hayden, in her official capacity as Librarian of Congress, respectfully submit this joint status report as directed by the Court's August 23, 2024 minute order. The order directs the parties to propose a schedule "to govern further proceedings in this matter." To that end, the parties propose a schedule as follows:

- **Final week of October 2024:** Defendants anticipate completing the ninth Digital Millenium Copyright Act ("DMCA") rulemaking by promulgating a final rule. *See* Exemptions to Permit Circumvention of Access Controls on Copyrighted Works, 88 Fed. Reg. 72,013, Oct. 19, 2023 (notice of proposed rulemaking).

- **November 8, 2024:** plaintiffs file an amended complaint

- **November 15, 2024:** plaintiffs file a motion for summary judgment (limited to 45 pages)

- **December 20, 2024:** defendants serve the administrative record on plaintiffs

- **December 20, 2024:** defendants file a consolidated opposition to plaintiffs' motion and brief in support of a cross-motion for summary judgment (limited to 45 pages)

- **January 31, 2025:** plaintiffs file a consolidated opposition to defendants' cross-motion and reply in support of their motion (limited to 45 pages)

- **February 28, 2025:** defendants file a reply (limited to 25 pages)

In support of this proposed schedule, the parties state as follows:

1

1. Plaintiffs filed their initial complaint on February 25, 2022, alleging that defendants violated the Administrative Procedure Act (APA) and acted *ultra vires* when they adopted a final rule under the DMCA.

2. The DMCA prohibits users of a copyrighted work from "circumvent[ing] a technological measure that effectively controls access to [the] work." 17 U.S.C. § 1201(a)(1)(A). But to preserve the values of copyright law, Congress instructed the Library to issue temporary exemptions to the this anti-circumvention rule upon certain factual showings. The exemptions are issued and expire in three-year intervals. *See id.* § 1201(a)(1)(C).

3. The initial complaint in this case challenges one such exemption adopted in October 2021 by the Librarian in her Eighth Triennial Rulemaking. The exemption is codified at 37 C.F.R. § 201.40(b)(15) and grants an exception from DMCA liability for the circumvention of technological protective measures that control access to copyrighted digital content related to diagnosis, service, and repair of complex medical devices.

4. The initial complaint states four causes of action. The first two causes of action arise under the APA. The latter two were pled as non-statutory *ultra vires* claims.

5. From February 2022 through June 2022, the parties briefed the plaintiff's motion for summary judgment and the defendant's cross motion to dismiss. See Dkts. 10-20.

6. On March 7, 2023, the Court granted defendants' motion to dismiss and denied plaintiffs' motion for summary judgment. In so doing, the Court held that the Library is not an "agency" within the meaning of the APA and that its actions therefore are not subject to judicial review under that statute. The Court also rejected plaintiffs' non-statutory *ultra vires* claims. *See* Dkt. 27.

7. The D.C. Circuit reversed. Construing the Copyright Act of 1976 together with the DMCA, the Court "conclude[d] that DMCA rules are subject to the APA just like other copyright rules." *Medical Imaging & Technology Alliance v. Library of Congress*, 103 F.4th 830, 833 (D.C.

Cir. 2024). Having held that the triennial DMCA rulemakings are subject to review under the APA, the Court held that "the *ultra vires* claim is no longer available, and we need not address it." *Id*. at 841 n.7 (internal quotation omitted).

8. The mandate issued on August 2, 2024, returning the case to this Court.

9. The parties agree that there is no longer sufficient time for them to re-brief and for the Court to resolve this case before completion of the Ninth Triennial Rulemaking, which is anticipated in the final week of October 2024.

10. To avoid a dispute over mootness, the parties agree that defendants should be permitted to complete the Ninth Triennial Rulemaking and that plaintiffs should be permitted to amend their complaint to state additional claims, as they deem warranted, to challenge whatever exemptions may be renewed or adopted in the Ninth Triennial Rulemaking. The filing of an amended complaint will additionally allow plaintiffs to narrow their claims in light of the D.C. Circuit's ruling.

11. The proposed schedule accommodates these necessary developments while avoiding undue delay.

12. Plaintiff's additional positions:

(a.) Avoiding delay remains a matter of substantial practical importance in this case. If the Tenth Triennial Rulemaking commences while this case is still pending (either before this Court or before the D.C. Circuit on a second appeal), the prospect of mootness with reemerge, further delaying a final resolution of the important questions presented here for what could be years longer. For the benefit of regulators and the regulated public alike, a swift resolution of the purely legal issues presented by the forthcoming motions for summary judgment is essential.

(b.) Plaintiffs respectfully request oral argument on the forthcoming cross-motions for summary judgment, to be scheduled as soon as practicable after the completion of the briefing. Defendants take no position the request for an oral hearing.

| | |
|---|---|
| BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>JOSEPH BORSON<br>Assistant Branch Director<br><br>/s/ *Rachael L. Westmoreland*  (with permission)<br>RACHAEL L. WESTMORELAND<br>(Ga. Bar No. 439498)<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, DC 20001<br>(202) 514-1280<br>rachael.westmoreland@usdoj.gov<br><br>*Counsel for Defendants* | Respectfully submitted,<br><br>/s/ *Michael B. Kimberly*<br>Michael B. Kimberly<br>(D.C. Bar No. 991549)<br>McDermott Will & Emery LLP<br>500 North Capitol Street NW<br>Washington, DC 20001<br>(202) 756-8000<br>mkimberly@mwe.com<br><br>*Counsel for Plaintiffs* |

September 12, 2024