IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADVANCED MEDICAL TECHNOLOGY ASSOCIATION, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> LIBRARY OF CONGRESS, et al., <br><br> *Defendants*. | No. 1:22-cv-499-BAH |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7(h), plaintiffs Advanced Medical Technology Association (AdvaMed) and the Medical Imaging & Technology Alliance (MITA) move for an order granting summary judgment on all claims in the Amended Complaint and vacating the challenged exemption (the "Exemption") promulgated by defendants. *See* Library of Congress, *Exemption to Prohibition on Circumvention of Copyright Protection Systems for Access Control Technologies*, 89 Fed. Reg. 85,437, 85,441 (Oct. 28, 2024); Library of Congress, *Exemption to Prohibition on Circumvention of Copyright Protection Systems for Access Control Technologies*, 86 Fed. Reg. 59,627, 59,640 (Oct. 28, 2021); 37 C.F.R. § 201.40(b)(17). In support of this motion, plaintiffs submit a separate memorandum of points and authorities, which is fully incorporated herein. Plaintiffs also respectfully submit that oral argument on this motion would benefit the Court, given the complex legal issues at stake.

As more fully set forth in the accompanying memorandum, the Exemption is contrary to law, arbitrary and capricious, and procedurally defective in violation of the Administrative Procedure Act. Congress directed the Library of Congress, upon the recommendation of the Register of Copyrights, to promulgate selective exemptions from the anticircumvention rule in the Digital Millennium Copyright Act, or DMCA. The Library may grant an exemption only for certain

1

noninfringing uses that adversely affect users of a particular category of copyrighted works. Here, the Exemption waives from DMCA liability the circumvention of technologically protective measures for the purposes of diagnosis, maintenance, or repair of medical devices. But this covers plainly infringing uses that serve only to bolster the commercial interests of unregulated third-party service operators of medical devices. In granting the Exemption, the Library distorted the fair use doctrine and failed to address substantial comments that call into question its underlying fair use analysis.

Not only was the Exemption unlawful right out of the gate, but the Library also renewed it despite intervening legal developments that further undermined its legal foundation. In addition to disregarding substantial comments that pointed out these changes, the Library's reasoning was also internally inconsistent, offering no rational explanation for its disparate treatment of similar proposals. It is therefore arbitrary and capricious on both substantive and procedural grounds.

For all these reasons and for those set forth more fully in the accompanying memorandum, plaintiffs respectfully request that the Court grant summary judgment in its favor on all claims and enter final judgment setting aside the Exemption, declaring the Exemption to be unlawful and void, and enjoining defendants from enforcing, implementing, or otherwise carrying out the Exemption. A proposed order accompanies this motion.

Dated: November 15, 2024                    Respectfully submitted,

/s/ *Michael B. Kimberly*
Michael B. Kimberly (Bar No. 991549)
Alex C. Boota (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
mkimberly@mwe.com

*Attorneys for Plaintiffs*